UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| EDWARD P. BLACKCLOUD, | ) | CIV. 10-5090-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RN MGR. MCLURE, Mental Health Committee, Classification Committee; | ) ) ) | |
| SUPPORT LT. MCDONALD, Mental Health Committee, Classification Committee; | ) ) ) | |
| SECURITY LT. HAGA, Mental Health Committee, Classification Committee; | ) ) ) | |
| BMS DICK LEIR, Mental Health Committee, Classification Committee; | ) ) ) | |
| COMMANDER GREER, Classification Committee; | ) ) | |
| CPRL. YANTIS; | ) | |
| SGT. WEYGAERTS; | ) | |
| PREVITT; | ) | |
| BERKUM; and | ) | |
| DON HOLLOWAY, Sheriff, Pennington County Jail, | ) ) | |
| | ) | |
| Defendants. | ) | |

   Plaintiff, Edward P. Blackcloud, appearing *pro se*, moves the court for appointment of counsel and an order directing the Department of Corrections to deposit addition funds into his inmate trust account. (Dockets 156 & 162).

There is no constitutional or statutory right to court-appointed counsel in a civil case. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006). Rather, the court in its discretion *may* appoint counsel to represent an indigent prisoner. Id. (citing 28 U.S.C. § 1915(e). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Id.

In previously appointing counsel for Mr. Blackcloud, the court was most concerned with ensuring Mr. Blackcloud had counsel during the discovery phase of the litigation to assist Mr. Blackcloud in investigating the facts underlying his claims, formulating proper discovery requests and receiving discovery, and preparing for his deposition. See Docket 72 at p. 2. Those concerns are no longer present as the discovery phase is closed and a motion for summary judgment is pending. The court denies Mr. Blackcloud's request for court-appointed counsel.

Mr. Blackcloud also requests an order directing the Department of Corrections to deposit additional funds into his prisoner trust account for purposes of sending legal mail. (Docket 156). Mr. Blackcloud asserts being given more than the $10 per month allowance for legal mail will permit him to "meet any and all court deadlines." Id.

The Supreme Court requires states "to shoulder affirmative obligations to assure all prisoners meaningful access to the courts." Bounds v. Smith, 430 U.S. 817, 824 (1977). "It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." Id. However, inmates have no constitutional right to unlimited free postage. See Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989); Chandler v. Coughlin, 763 F.2d 110, 114 (2d Cir. 1985); Hoppins v. Wallace, 751 F.2d 1161, 1162 (11th Cir. 1985). Courts have held that a prison's reasonable limitation on postage expense for inmates furthers a substantial and legitimate penological interest; namely, managing limited prison resources. Turner v. Safley, 482 U.S. 78, 89 (1987); Bell-Bey v. Williams, 87 F.3d 832, 836-38 (6th Cir. 1996); Smith, 884 F.2d at 1110.

Accordingly, it is hereby

ORDERED that Mr. Blackcloud's motion for appointment of counsel (Docket 162) is denied.

IT IS FURTHER ORDERED that Mr. Blackcloud's motion for additional funds (Docket 156) is denied.

Dated January 16, 2013.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE